IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINDA FIELD,

      Plaintiff,

      v.

CIRCLE C CORP. d/b/a PAPA JOHN'S
PIZZA, *et al.*,

      Defendants.

1:19-cv-775

Hon. John E. Jones III

**MEMORANDUM & ORDER**

**August 13, 2019**

Presently pending before the Court is Defendant Circle C Corp.'s ("Circle C") Motion to Dismiss for Failure to State a Claim.  (Doc. 7).  For the reasons discussed below, we will deny Circle C's Motion.

**I.     INTRODUCTION**

Plaintiff Linda Field ("Field") brought this action as a combined collective action under the Fair Labor Standards Act ("FLSA") of 1938, 29 U.S.C. §§ 201 *et seq.*, and a class action under Rule 23 of the Federal Rules of Civil Procedure based on violations of the Pennsylvania Wage Payment Collection Law ("Pa. WPCL"), 43 P.S. § 260.1 *et seq*.  (Doc. 1).  Field also states a claim for unjust enrichment.  Circle C moves to dismiss the Rule 23 class action and the unjust enrichment allegations based on Field's legal right to bring those claims, rather

1

than their factual sufficiency.  Because Circle C does not challenge the sufficiency of Field's factual allegations, we will only briefly summarize the facts as stated in Field's Complaint.

Circle C operates several Papa John's Pizza franchise stores.  Field has worked for Circle C as a delivery driver since 2013.  Circle C requires delivery drivers to maintain safe, operable, and insured vehicles and pays drivers a reimbursement rate on a per-delivery basis.  Field alleges that this per-delivery reimbursement rate falls far below the mileage reimbursement rates set by the Internal Revenue Service.  In addition to the per-delivery reimbursements, delivery drivers receive a "tip-credit" wage that accounts for tips to meet minimum-wage requirements.  Nevertheless, because of Circle C's policy of underpaying on reimbursements, drivers are frequently paid less than minimum wage.  Field claims Circle C's policy violates the minimum wage requirements of the FLSA and the Pa. WPCL.

Field filed her three-count Complaint on May 6, 2019, stating collective and class action allegations.  (Doc. 1).  Circle C filed the instant Motion on July 12, 2019, along with a supporting brief.  (Docs. 7, 9).  Field filed her opposing brief on July 26, 2019, (Doc. 14), and Circle C filed its reply on August 5, 2019.  (Doc. 18). The Motion, being fully briefed, is ripe for review.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual

allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679.  Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.*  Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief.  *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57).  Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III.   DISCUSSION

Circle C's Motion does not turn on whether Field has stated sufficient factual allegations to plead her claims.  Rather, Circle C argues that Field's Rule 23 and unjust enrichment allegations, all based on Pennsylvania law, must be dismissed as a matter of law because Rule 23 state class actions are incompatible with the FLSA and abridge substantive rights conferred by the FLSA in violation of the Rules Enabling Act.  28 U.S.C. 2072(b) (stating that a general rule of practice or procedure "shall not abridge, enlarge or modify any substantive right").  Circle C also argues that the FLSA impliedly preempts the Rule 23 state class action.  We will address each argument in turn.

### A.   Incompatibility/Violation of Rules Enabling Act

A collective action under the FLSA and a class action pursuant to Rule 23 differ in a fundamental way.  To recover under an FLSA claim, a putative party plaintiff must affirmatively "opt in" to the action.  29 U.S.C. § 216(b) ("No

employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Rule 23 class actions, on the contrary, include putative class members by default unless they affirmatively opt out. Fed. R. Civ. P. 23. Circle C argues that the tension of these "opt-in" versus "opt-out" mechanisms creates an inherent incompatibility that abridges the substantive rights conferred by § 216(b) of the FLSA. Field counters that the Third Circuit decisively rejected Circle C's argument in *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012). We agree with Field.

There are some procedural differences between the case at bar and the matter in *Knepper*. Here, the FLSA and Rule 23 claims were made simultaneously in the same Complaint (i.e., a "combined" action), and we are asked to exercise supplemental jurisdiction over the Rule 23 claim. In *Knepper*, however, the FSLA claim was filed in the Middle District of Pennsylvania in June 2009, claiming that assistant managers were being misclassified as exempt from overtime. *Knepper*, 675 F.3d at 252. The following month, separate Rule 23 state-law class actions based on diversity jurisdiction were filed in Maryland and Ohio based on the same factual circumstances. (*Id.*). The District of Maryland dismissed the action under the "first filed" doctrine, deferring to the Middle District of Pennsylvania, whereupon the action was refiled here. (*Id.*). The District of Northern Ohio

transferred its respective Rule 23 action to the Middle District of Pennsylvania based on a forum selection clause in a governing agreement.  (*Id.*).  In separate but nearly identical opinions, this Court dismissed the Rule 23 actions, ruling that "Rule 23 opt-out class actions based on state employment laws paralleling the FLSA were 'inherently incompatible' with the opt-in procedure provided by the FLSA, which was 'specifically designed to prevent litigation through representative action' and 'expresses Congress's intent to . . . eliminat[e] representative (i.e., opt-out) actions.'"  *Id.* at 253 (quoting *Knepper v. Rite Aid Corp.*, 764 F.Supp.2d 707, 714 (M.D. Pa. 2011) (Jones, J.); *Fisher v. Rite Aid Corp.*, 764 F.Supp.2d 700, 706 (M.D. Pa. 2011) (Jones, J.)).

The Third Circuit reversed our ruling.  In doing so, the Third Circuit discussed the congressional purpose behind § 216(b) of the FLSA.  Specifically, the Court noted that Congress was primarily concerned with "representative" actions in which "union leaders allegedly 'stirred up' litigation without a personal state in the case."  *Knepper*, 675 F.3d at 256.  Second, the Court reasoned that Congress "intended the requirement of written consent to bar plaintiffs from joining a collective action well after it had begun, particularly when the original statute of limitations had run and when those opting in would not be bound by an adverse decision."  *Id.*  The Court further reasoned that § 216(b) "explicitly limits its scope to the provisions of the FLSA, and does not address state-law relief."  *Id.*

at 260.  Moreover, the Court cited other circuit courts that have held similarly.  *See*

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 247-49 (2d Cir.

2011) ("[W]e agree with the Seventh Circuit that . . . 'the "conflict" between the

opt-in procedure under the FLSA and the opt-out procedure under Rule 23 is not a

proper reason to decline jurisdiction.'"); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d

971, 976-79 (7th Cir. 2011) ("There is ample evidence that a combined action is

consistent with the regime Congress has established in the FLSA."); *Wang v.*

*Chinese Daily News*, 623 F.3d 743, 760-61 (9th Cir. 2010), *vacated on other*

*grounds*, 132 S.Ct. 74 (2011) ("We follow *Lindsay* in concluding that it was within

the district court's discretion to exercise supplemental jurisdiction over the [state

law] claim in this case."); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424

(D.C. Cir. 2006) ("While there is unquestionably a difference . . . between opt-in

and opt-out procedures, we doubt that a mere *procedural* difference can curtail

section 1367's *jurisdictional* sweep.").  The Third Circuit, therefore, joined these

courts in rejecting the doctrine of "inherent incompatibility."

Circle C argues that this binding Third Circuit precedent does not, in fact,

control here because of the procedural differences.  Circle C suggests that, because

*Knepper* involved separate Rule 23 actions based on diversity jurisdiction, it is

distinguishable from the matter before us.  We disagree.  While the procedural

postures are, indeed, different, nothing in the Third Circuit's opinion indicates that

its ruling was limited to that procedural scenario.  To the contrary, the Court

explicitly positioned its *Knepper* holding among the rulings of the Second,

Seventh, Ninth, and District of Columbia Circuits, each of which involved a

*combined* FLSA and Rule 23 action in which the courts exercised supplemental

jurisdiction over the Rule 23 state claims.  The *Knepper* Court not only relied on

the Seventh Circuit's *Ervin* opinion in reaching its decision, but expressly said that

it was "join[ing]" those circuits in rejecting "inherent incompatibility."  The Third

Circuit's holding, therefore, was a total rejection of "inherent incompatibility."  As

such, *Knepper* controls here, and we are bound to follow it.

The *Knepper* Court also rejected the argument that a Rule 23 class action

violates the Rules Enabling Act by "abridging" a substantive right conferred by

§ 216(b).  The Court reasoned:

> Assuming for the sake of argument the proposition that § 216(b)
> confers rights to employers "not to be sued in representative actions"
> and to employees "not to have their rights litigated without their
> consent," those rights would extend only to actions under the FLSA
> and are not abridged or modified by the certification of a state-
> employment law class under Rule 23.  But even if we construed the
> provisions as in direct conflict, the "rights" conferred under § 216(b)
> are procedural under well-established precedent, since they relate to
> "the judicial process for enforcing rights and duties recognized by
> substantive law and for justly administering remedy and redress for
> disregard of infraction of them."

*Knepper*, 675 F.3d at 264-65 (quoting *Hanna v. Plumer*, 380 U.S. 460, 464

(1965)).  The ruling of *Knepper* could not be clearer.  The Third Circuit has

9

soundly rejected the notions that Rule 23 and FLSA are inherently incompatible or that Rule 23 actions "abridge" FLSA "rights."  We therefore must reject Circle C's arguments and will not dismiss the Rule 23 or unjust enrichment claims on those bases.

## B.    Preemption

Circle C further argues that the Rule 23 class action is impliedly preempted by the FLSA's opt-in scheme because the Rule 23 opt-out procedure conflicts with the FLSA.  Circle C suggests that Congress, through the FLSA, "intended to ban opt-out representative class actions for overtime pay by requiring plaintiffs asserting such claims to 'opt-in' affirmatively to such lawsuits by filing a written consent."  (Doc. 9 at 12).  As noted earlier, however, *Knepper* clearly held that § 216(b) of the FLSA limits its scope for opt-in actions to FLSA actions, and that state law claims may proceed under Rule 23.  Furthermore, the *Knepper* Court addressed implied preemption and noted that the FLSA contains a savings clause, which states that "[n]o provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter." *Knepper*, 675 F.3d at 262 (quoting 29 U.S.C. §

10

218(a)).  The Court reasoned that it would be "counterintuitive" to suggest that a

Rule 23 state claim conflicts with the FLSA

> since it suggests that state enforcement of standards that are identical with those established in the FLSA would somehow conflict with congressional purpose.  This would be especially odd where Congress explicitly contemplated dual enforcement of the FLSA.  Moreover, a finding of preemption here would bar enforcement of all state wage and hour laws that did not exceed the standards of the FLSA, a significant intrusion on state authority and a reversal of the traditional presumption against preemption, which is particularly strong given states' lengthy history of regulating employees' wages and hours.

*Id.*

Finally, the Third Circuit rejected the argument that, even if the FLSA does

not preempt substantive state wage laws, the FLSA's opt-in scheme still conflicts

with, and thus preempts, Rule 23's opt-out mechanism.  As the Third Circuit

astutely noted, such an argument "largely recapitulates the concept of inherent

incompatibility," which the Court rejected.  *Id.* at 263.  Furthermore, the "opt-out"

procedure of Rule 23 is, obviously, federal, and "federal law cannot preempt

another federal law."  *Id.*  We therefore find that the FLSA does not preempt a

Rule 23 class action based on state law.

## IV.   CONCLUSION

As discussed above, we find that the Third Circuit's holding in *Knepper v.*

*Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) is controlling precedent here and

compels us to deny Defendant Circle C. Corp's Motion to Dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendant Circle C Corp.'s Motion to Dismiss, (Doc. 7), is **DENIED.**

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge